IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:14-cr-307-N |
| | § | |
| JADA NECOLE ANTOINE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING *PRO SE* MOTION FOR SUBSTITUTE APPOINTED COUNSEL FOR APPEAL**

Defendant Jada Necole Antoine has filed a *pro se* motion to appoint counsel. *See* Dkt. No. 63. United States District Judge David C. Godbey has referred this motion to the undersigned magistrate judge for determination. *See* Dkt. No. 64.

Judge Godbey recently entered judgment against Ms. Antoine. *See* Dkt. No. 60. Ms. Antoine appears to be seeking substitute appointed counsel for appeal. Her *pro se* filing states simply that she is "[r]equesting a different Attorney to be Appoint for Appeal." Dkt. No. 63 at 1. A *pro se* notice of appeal has also been filed. *See* Dkt. No. 62.

Ms. Antoine was represented in proceedings in this Court – and, unless an order is entered permitting withdrawal, will still be represented on appeal – by the Federal Public Defender for the Northern District of Texas as her appointed counsel. *See* Dkt. No. 10. Section 5, Paragraph B, of the Fifth Circuit's Plan for Representation on Appeal Under the Criminal Justice Act, Revised 2/1/05, provides that counsel appointed by the district court "shall continue to provide representation on appeal unless relieved by court order," and this Court's Criminal Justice Act Plan for the Northern District of

Texas likewise provides that, "[o]nce counsel is appointed under the [Criminal Justice Act], representation shall continue until: 1) the matter, including appeal or review by certiorari, is closed; 2) substitute counsel has filed a notice of appearance; 3) an order has been entered allowing or requiring the person represented to proceed *pro se*; or 4) the appointment is terminated by court order."

Ms. Antoine's *pro se* filing does not make clear whether the Federal Public Defender will seek to withdraw as her appointed counsel for any appeal. Local Criminal Rule 57.12(a) provides that "an attorney desiring to withdraw in any case must file a motion to withdraw." N.D. TEX. L. CRIM. R. 57.12(a). In light of these circumstances, the Court ordered the Federal Public Defender, as Defendant's appointed counsel, to file a response to Ms. Antoine's *pro se* motion [Dkt. No. 63].

The Federal Public Defender did so and reported that "Ms. Antoine was ably represented by Assistant Federal Public Defender Gabriel Reyes in this case"; that, "[f]ollowing the sentencing in this matter, Ms. Antoine provided no indication to Mr. Reyes that she desired to appeal her sentence"; that, "[a]s such, it was a surprise to see the *pro se* notice of appeal that was submitted in this matter"; that, pursuant to Section 5, Paragraph B, of the Fifth Circuit's Plan for Representation on Appeal Under the Criminal Justice Act, Revised 2/1/05, as noted above, "the Federal Public Defenders Office will continue to represent Ms. Antoine and [that the Federal Public Defender has] administratively assigned Assistant Federal Public Defender Matthew Wright to write the appeal." Dkt. No. 71 at 1-2.

Defendant's *pro se* motion does not explain why she wants a different appointed attorney for her appeal. Defendant has not indicated that she intends to assert on appeal that her appointed counsel's representation to date amounts to constitutionally ineffective assistance of counsel or is constitutionally deficient under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, on the record before the Court, Defendant is asking for appointment of new counsel for appeal in a manner that is left to the district court's sound discretion and requires her to show good cause. *See United States v. Elam*, 561 F. App'x 432, 433 (5th Cir. 2014).

Defendant has no "right to appointed counsel of [her] choice," *United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007), where "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them," *United States v. Gonzales-Lopez*, 548 U.S. 140, 151 (2006). The Court "is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to represent the defendant," that is, a showing of conflict of interest, a complete breakdown in communication, or an irreconcilable conflict. *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013).

The Court finds, on the record now before it, that substitution of appointed counsel is not constitutionally required here and that Defendant has made not a showing of good cause to justify ordering the substitution of appointed counsel under the present circumstances.

Accordingly, Defendant Jada Necole Antoine's *pro se* motion to appoint substitute counsel for appeal [Dkt. No. 63] is DENIED without prejudice to Defendant's filing a new motion that meets the standards set forth above.[1]

Assistant Federal Public Defender Matthew Wright is ORDERED to provide a copy of this order to Defendant Jada Necole Antoine – whom the Court understands to be en route to her assigned correctional institution – as his earliest opportunity.

SO ORDERED.

DATED: October 6, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.